Totten, Special J.,
delivered tbe opinion of tbe Court.
Tbe petitioners and defendant were tenants in common of lot Ho. 1, containing one-quarter of an acre in tbe town of Paris; tbe interest of defendant being three-fourths thereof. Under a decree in Chancery at *412 Paris, directing a sale of said lot for division, the same was sold by the master, on the 6th April, 1857, to the defendant, at $500 00, on a credit of twelve months, he being the highest bidder. This sale was reported to the Court, and at July Term, 1857, the sale was confirmed.
The petitioners instituted 'the present proceeding, September 23, 1857, and pray “that said sale be set aside and that the biddings be opened.” They allege that the price given for the lot is not more than half its value, and said Andrew Houston, one of the petitioners, offers to advance the bid to one thousand dollars. They state that they are non-residents, and some of them minors; that they had no actual' notice of said suit until after the sale was confirmed; the mode of proceeding being by publication under the order of • the Court. The defendant’s demurrer to said petition was allowed, and the petition dismissed; thereon the petitioners appealed to this Court.
We may observe that a purchaser at a Chancery sale acquires no title to the estate until report and confirmation of the sale. He is not liable in the interim to any loss or injury that may happen to the estate; and may on proper grounds refuse to execute the purchase.
Therefore, before confirmation, the biddings may be opened on an offer to advance the price, in a sum deemed adequate, supported by other reasons in favor of the application. As in Childress vs. Hurt, 2 Swan, R., 492, the advance of price was thirty per centum on nine thousand five hundred dollars, and also, there was ground to believe that the purchaser held the estate for the use of the debtor, to the prejudice of creditors. *413 So in Morton, Smith & Co. vs. Sloan, 11 Humph. R., 278, the advance of price and slight mistake in the number of acres, were the grounds relied on by the Court in ordering that the biddings be opened.
The English rule is, that before confirmation of the sale, mere advance of price is sufficient to open the biddings. Sugden on Vend., 66. But our cases, on grounds of well considered policy require .something more. Vide Owen vs. Owen, 5 Humph.. R., 352; Donaldson vs. Young & Coker, 7 Humph. R., 266; Morton, Smith & Co. vs. Sloan, 11 Humph. R., 281; McMinn vs. Phipps, 3 Sneed R., 200.
But after confirmation of the sale, the purchaser has become the owner of the estate, is subject to any loss or injury it may sustain, and is bound to execute the terms of his contract. And, therefore, after confirmation, no advance of price, however large, will have the effect to open the biddings; it can only be regarded as auxiliary to other grounds of much greater weight.
Thus, in Watson vs. Birch, 2 Ves. jr., 54, it is-said, that in “Grower’s case it was decided that increase of price alone is not sufficient; but if fraud appears, that suspends the operation of the general rule.” So in White vs. Wilson, 14 Ves., 151, Lord Eldon, referring also to Grower’s case,. states the. rule to be, “ that after confirmation of the- report, unless there is some misconduct upon- the part of the individual who has the benefit of that confirmation, the - Court will not open the biddings upon negligence, surprise, or circumstances of that kind; and that it is much better for the suitors that it should be distinctly understood, that a report confirmed cannot be shaken, unless upon such circumstances as *414 were contained in that case; the party who confirmed the report being the steward of the family, and knowing more of the circumstances of the estate than he communicated. That was a case of surprise, generated by his own conduct, which Lord Thurlow thought gave a right to open the biddings in that instance. But if the purchaser’s conduct is fair, there never would be an end of opening biddings after confirmation of the report.”
It will be seen that in Gower’s case, which so fully illustrates the subject, the biddings were opened on the ground of fraud in the purchaser.
So in Fergus vs. Gore, 1 Sch. & Lef., 350, Lord Redesdale held, that after confirmation, the biddings could not be opened, except on the ground of fraud in the purchaser.
In Henderson vs. Lowry, 5 Yerg. R., 243, Catron, C. J., says, “After a sale by a master, and that confirmed, the biddings cannot be opened on the offer of a higher price alone, unless some circumstance of fraud, mistake, or accident has occurred in the sale, or some trust relation exists between the partiesand Green, J., fully concurs.
In Mann vs. McDonald, 10 Humph. R., 279, the purchaser, for an adequate price, was guardian ad litem, for certain minors interested in the estate, and the sale was set aside on account of the “trust relation,” in conformity to the doctrine stated in Henderson vs. Lowry.
We conclude that the purchaser, after confirmation, is to be regarded as owner of the estate according to his purchase; and his title will not be disturbed, by *415 opening the .biddings, except in' case of fraud, accident, mistake, or the existence of a relation in trust.
Now, in the present case, none of the grounds stated can have any application. No improper act is imputed to the purchaser. The lot being offered at public auction by the master, he had a perfect right to compete with others; and being the highest bidder, became the purchaser.
The notice of the suit by publication, was such as the law permits and considers valid, and was all that could be legally given in the case. The offer to advance the price was in itself no ground for opening the bid-dings, and could only be regarded as auxiliary, but not necessary, to one of the principal grounds before stated.
The minority of some of the petitioners cannot alter the case. That is no ground to set aside the sale, or open the biddings. If there be any ground to annul the decree, or the sale made in pursuance thereof, the minors have a day in Court after they come of age to show the error; but if there be no error, it will bind them. Mills vs. Dennis, 3 J. C. R., 367.
The decree of the Chancellor will be affirmed.